ALVIN K. SEAGO, plaintiff in error, *vs.* JAMES T. FREEMAN, defendant in error.

The judgment of the court in this case is not contrary to the evidence, especially as it does not appear that the lien of the complainant as a merchant and factor, for plantation supplies and provisions furnished, was created by special contract in writing.

New trial.   Factor's lien.   Before Judge HALL.   Spalding Superior Court.   August Adjourned Term, 1874.

All the material facts of this case appear in the decision.

Seago *vs.* Freeman.

S. C. McDANIEL; PEEPLES & HOWELL, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

This was a motion to distribute money in the hands of a receiver appointed by the court, under an agreement that the court should decide upon the law and facts of the case, without the intervention of a jury. The court, after hearing the evidence, decided that Freeman, who claimed a laborer's lien on the fund, had the prior lien on it, and ordered the same to be paid to him, whereupon Seago, the other contesting party, excepted. It appears from the evidence in the record that Hill rented a plantation from Lyon for the year 1873, and employed Freeman as a superintendent and laborer on the plantation to make the crop for that year. It also appears that in the fall of the year, Lyon, as landlord, sued out a distress warrant for rent, and Freeman sued out a laborer's lien, both of which were levied on the crop of Hill, but by an agreement between them and Hill, the proceedings were suspended; they were to gather the crop and pay themselves out of the proceeds thereof. Shortly thereafter, Seago foreclosed a lien for plantation supplies which was levied on the crop, and he also filed a bill praying for an injunction, and the appointment of a receiver to take charge of and gather the crop. The landlord's lien for rent, and the laborer's lien, are both superior to Seago's lien, but he claims that he is entitled to be subrogated to the rights of Lyon, the landlord, and that the crop was more than sufficient to pay off the landlord's lien for rent, and the laborer's lien, if the landlord and laborer had not permitted the crop levied on by them, to have been wasted or lost by the suspension or dismissal of their levies on the crop. The evidence in the record does not show affirmatively that the entire property levied on by the landlord and laborer, was more than sufficient to have paid their

liens. Besides, it does not appear that Seago's lien was created by special contract in writing. In view of the facts disclosed in the record, we affirm the judgment of the court below.

Judgment affirmed.